## J. C. Mackrell, Elizabeth J. Hornberger and Anna Cole Hornberger v. E. W. Walker, Appellant.

*Will—Trust and trustees—Discretion in trustee.*

Testator devised his real estate to a trustee in trust for his three grandchildren, naming them, "and the survivors of them and their lawful issue, but subject to the control of said trustee, and not subject to the control, contracts or liabilities of said grandchildren, or any of them; the said trustee to hold said property and receive and hold the rents, issues and profits thereof, and to use the said income and profits in her discretion for the maintenance, education and benefit of my said three grandchildren, and for the improvement of their said trust estates as in her judgment and discretion shall be right and proper, with power to aid any one or all of them by paying to them, or any of them, such sums of money as she shall think proper after they or either of them shall arrive at legal age, or the said trustee may otherwise use or apply the said trust estate for their benefit in case she shall be of opinion that the same will be safe and proper; but she, the said trustee, may retain control of the whole income for the time being, or whenever in her judgment the interest of such devises would be promoted by so doing." *Held*, that the trust continued during the minority of the grandchildren, after which it might be terminated by the trustee if she believed it to be safe and proper for them.

Argued Oct. 30, 1895. Appeal, No. 254, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny County, Oct. T., 1895, No. 592, for plaintiffs on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title of real estate.

The real estate in controversy had been sold by plaintiffs to defendant by articles of agreement and a deed tendered in accordance with the agreement. Defendant refused to accept the

deed and pay the purchase money, alleging that the real estate was subject to certain trusts contained in the will of plaintiffs' grandfather.

The parties agreed to submit a case stated to the court, and if the court should be of opinion that the plaintiffs are entitled to recover, then the judgment to be entered for the plaintiffs in the sum of thirty-six hundred and fifty dollars, with interest from June 22, 1895, and costs of suit. But if the court should be of opinion that the plaintiffs are not entitled to recover, then judgment to be entered for the defendant, with costs. The material facts will be found in the following opinion by WHITE, J.

This is an action of assumpsit to recover $3,650, consideration for the purchase of a lot of ground in Pittsburg sold by the plaintiffs to defendant. The question is, Can the plaintiffs convey a good title?

The plaintiffs are the grandchildren of James Mackrell, who died in 1879, leaving a will dated February 26, 1877, and they claim title under that will, and a deed from the trustee in the will executed May 29, 1895.

The material parts of the will touching this controversy are as follows:

" Fifth. Subject to the said devises to my wife and to my granddaughter, Nancy Mackrell, I devise all my real estate to my said wife, Agnes, and to her successor, in trust for the use, benefit and behoof of my grandchildren, James C., Elizabeth and Anna Cole Mackrell, children of my son, Henry C. Mackrell, and the survivor or survivors of them and their lawful issue, but subject to the control of said trustee, and not subject to the control, contracts or liabilities of said James C., Elizabeth and Anna Cole Mackrell, or any of them; the said trustee to hold said property and receive and hold the rents, issues and profits thereof, and to use the said income and profits in her discretion for the maintenance, education and benefit of my said three grandchildren, and for the improvement of their said trust estates as in her judgment and discretion shall be right and proper, with power to aid any one or all of them by paying to them, or any of them, such sums of money as she shall think proper after they or either of them shall arrive at legal age, or the said trustee may otherwise use or apply the said trust estate for their benefit in case she shall be of opinion that the same

will be safe and proper; but she, the said trustee, may retain control of the whole income for the time being, or whenever in her judgment the interest of such devisees would be promoted by so doing. In case of the decease of my wife, or other inability to act as such trustee, then the trust and powers herein created shall devolve upon a trustee to be appointed by the court of common pleas No. 1, of the county of Allegheny."

The widow afterwards married M. P. Schrenkle. The two granddaughters married men by the name of Hornberger. After the three grandchildren came of age, the trustee, Agnes Schrenkle, on May 29, 1895, executed a deed to them for the trust property, each to have the one undivided third part. In that deed she recites the will and trust, and describes the property, and says: "And whereas said Agnes A. Schrenkle, trustee as aforesaid, is of opinion that it is safe and proper to use and apply said trust estate for the benefit of said cestuis que trustent by conveying to each of them the one undivided third of said land above described, and that no reason remains for the further continuance of said trust, and it is for the interest and advantage of each of said cestuis que trustent that the same should be so conveyed." In pursuance thereof the deed was executed and signed by her as "trustee."

The deed is strictly in conformity to the words, terms and conditions of the trust, as to the discretionary powers of the trustee, contained in the will. It was expressly executed in pursuance of the trust.

Had she power to execute this deed?

The duration of the trust is not expressly declared in the will. If it was intended to be perpetual, it would be against the policy of the law, and fail. In that event each of the grandchildren would have taken a vested fee simple to the one undivided third, the same as declared in the deed. But I do not think the trust was to be perpetual. From the language and terms used, I think it was to continue only until the grandchildren came of lawful age. That view harmonizes with all the expressions used. The provisions for the common pleas appointing a successor strongly sustain this view: "In case of the decease of my wife, or other inability to act as such trustee," evidently refers to the minority of the grandchildren.

One clause in the will may raise some doubt or uncertainty

The trust is for the use, benefit and behoof of the three grandchildren, "*and the survivor or survivors of them and their lawful issue*," but subject to the control of the said trustee, and not subject to the control, contracts or liabilities of the said grandchildren. The words " their lawful issue " do not refer to the lawful issue of the survivor, but the lawful issue of one that might die before coming to lawful age. In other words, the trust was for the use, benefit and behoof of the three grandchildren, to the survivor or survivors and the lawful issue of such as may decease before coming of age. If one or two died before coming of age, not having lawful issue, the trust was then for the benefit of the survivors or survivor and the lawful issue of the deceased. The subsequent clause in the trust confirms this view. The trust was for the maintenance, education and benefit of said three grandchildren, and for the improvement of their said trust estates . . . . " with power to aid any one, or all of them, by paying to them, or any one of them, such sums of money as she shall think proper after they or either of them, shall arrive at legal age." Then follows the other clause on which the deed was made, " or the said trustee may *otherwise use or apply* the said *trust estate* for their benefit, in case she shall be of the opinion that the same will be safe and proper."

All these expressions seem to contemplate that the trust shall continue during the minority of the grandchildren, and may, when they arrive at legal age, be terminated by the trustee if she believe it to be safe and proper for them.

We believe, for the reasons given, that the law is with the plaintiffs, on the case stated. It is, therefore, ordered that judgment be entered for the plaintiffs against the defendant on the case stated for $3,650, with interest thereon from June 22, 1895, with costs of suit.

*Error assigned* was entry of judgment for plaintiff on case stated.

*Frank Thomson,* for appellant, cited: Kife v. Geyer, 59 Pa. 393.

*John D. Shafer,* for appellees, cited: Keyser's App., 57 Pa. 236; Barnett's App., 46 Pa. 392; Ogden's App., 70 Pa. 501; Kuntzleman's Est., 136 Pa. 142.

PER CURIAM, November 8, 1895:

The questions presented in this case stated were fully considered and rightly disposed of by the learned judge of the court below, and the judgment is affirmed on his opinion.

Judgment affirmed.